UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-72-HAB |
| ) | |
| SANTARIO SIMPSON ) | |

**OPINION AND ORDER**

Defendant moved for both compassionate release and a sentencing adjustment under Amendment 821 to the United States Sentencing Guidelines. (ECF No. 69). The Court already granted the motion under Amendment 821 and reduced Defendant's sentence to 70 months' imprisonment. (ECF No. 76). The Court now turns to the request for compassionate release.

Defendant claims that compassionate release should be ordered because his confinement, largely served under BOP COVID protocols, was more punitive than intended. The Government has responded to Defendant's motion. (ECF No. 80). Despite being given time to do so, Defendant has not replied. Because the Court finds no merit in his compassionate release request, it will be denied.

I.   **Factual and Procedural Background**

In May 2019, Defendant twice sold a confidential informant methamphetamine. The total weight was less than 8 ounces.

Based on a total offense level of 29 and a criminal history category of I, Defendant's guideline range of imprisonment was 87-108 months. Defendant was sentenced to a below-guideline sentence of 78 months, followed by two years' supervised release. That sentence was reduced to 70 months' imprisonment under Amendment 821 in March of this year.

## II. Legal Analysis

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies. (ECF No. 80 at 2).

Courts in this Circuit were once forced to go through an extended analysis when COVID-19 was raised as the extraordinary and compelling reason. That analysis is no longer necessary. More than two years ago, the Seventh Circuit all but eliminated COVID-19 as a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the court stated:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief

2

far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*.

Defendant does not try to bring himself within *Broadfield*'s holding. He does not argue that he cannot receive, or benefit from, a COVID vaccine. If *Broadfield* is still good law, Defendant's motion must be denied.

The Government correctly notes that, with the amendments to U.S.S.G. § 1B1.13, reasonable minds could disagree as to what, if any, precedential value the pre-amendment case law on compassionate release carries. That would include *Broadfield*. But the Court agrees with the Government that, even if the amendments wiped the slate clean, Defendant cannot show extraordinary and compelling reasons for his release.

Defendant seeks relief under § 1B1.13(b)(5), a catch-all category for circumstances that are "similar in gravity" to those enumerated in the guideline: medical circumstances, age, family circumstances, and physical or sexual abuse while in custody. Relying on *United States v. Johnson*, Cause No. 16-CR-319 (E.D.N.Y. Apr. 26, 2023)[1], Defendant argues that "COVID-19 restrictions create conditions of confinement that the Court did not contemplate when it fashioned his original custodial sentence." (ECF No. 69 at 14).

There are several problems with Defendant's argument. First, Defendant cites no case, and the Court can find none, from this Circuit holding that conditions of confinement are an

---

[1] Defendant has attached a copy of *Johnson* to his motion, and the Court thanks him for its inclusion. Because the Court does not have a Westlaw cite, it will cite the attachment when referencing *Johnson*.

extraordinary and compelling reason for release.[2] This Court is not eager to be the first to announce a new basis for compassionate release in the Seventh Circuit.

But even if COVID-related conditions of confinement were a basis for compassionate release, there's no reason to think Defendant would be eligible. As the Government correctly notes, Defendant's argument is "boiler-plate." (ECF No. 80 at 9). Defendant talks only about his general concerns with the way the BOP handled the COVID pandemic. He says nothing about the conditions of *his* confinement or how those conditions affected *him*. The record, then, is very different from *Johnson*, where the petitioner presented evidence that, among other things, he had been denied access to mental and substance abuse treatment that the district court had recommended at sentencing. (ECF No. 69-1 at 17-18). Defendant's argument, unsupported by evidence, cannot establish his entitlement to compassionate release. *See United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021) (district court need not consider argument "relying on generalized evidence of broad societal concerns").

But perhaps most importantly, COVID and its related restrictions were known to the Court when it sentenced Defendant. He was sentenced in May 2021, more than a year into the pandemic. This makes him very different than someone like the petitioner in *Johnson*, who was sentenced in 2017. (ECF No. 69-1 at 4). Not only could the Court contemplate the conditions of confinement that Defendant would face, but it did so when it handed down his sentence. The keystone of Defendant's argument is wrong, leading to its total collapse.[3]

---

[2] Defendant claims that *Johnson* "cited a number of other cases from this Circuit where Court's [sic] reached the same conclusion." (ECF No. 69 at 16, fn. 11). Whatever form motion Defendant used must have been from a different Circuit because none of the cases cited for this point are from courts within the Seventh Circuit. (*See* ECF No. 69-1 at 16).

[3] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

4

### III. Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 69) is DENIED.

SO ORDERED on May 22, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
