UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-72-HAB |
| ) | |
| SANTARIO SIMPSON ) | |

**OPINION AND ORDER**

For the last sixteen hundred years, beneficiaries of another's largess have been advised "don't look a gift horse in the mouth." Defendant missed that memo. Defendant received an eight-month sentence reduction (ECF No. 76) on his motion for reduction of sentence (ECF No. 69). Not enough, says Defendant! He now moves for reconsideration (ECF No. 82), arguing that his sentence should have been reduced further to better reflect his initial, below-guidelines sentence. Because that's not an extraordinary or compelling reason for compassionate release, either alone or considered with any of Defendant's other arguments, his motion will be denied.

**I.      Factual and Procedural Background**

In May 2019, Defendant twice sold a confidential informant methamphetamine. The total weight was less than 8 ounces.

Based on a total offense level of 29 and a criminal history category of I, Defendant's guideline range of imprisonment was 87-108 months. Defendant was sentenced to a below-guideline sentence of 78 months, followed by two years' supervised release. That sentence was reduced to 70 months' imprisonment under Amendment 821 in March of this year.

The Court then addressed Defendant's request for a further reduction under 18 U.S.C. § 3582(c)(1)(A). The Court found that Defendant's generalized, COVID-related concerns were not extraordinary or compelling reasons warranting compassionate release. (ECF No. 81). With no

other extraordinary or compelling reason argued, Defendant's request for compassionate release was denied.

## II. Legal Analysis

A Rule 59(e)[1] motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to correct errors "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."[2] *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Defendant argues that the Court committed "manifest error" when it failed to consider his prior, below-guidelines sentence in tandem with his COVID-related concerns. (ECF No. 82 at 3). Specifically, he argues that he deserves a sentence "10.34%" below the post-Amendment 821 guidelines because that's how much the Court shaved off the guidelines when it sentenced him originally. The Court cannot agree.

First, Defendant offers no authority that his prior sentence qualifies as an extraordinary and compelling reason for release. Defendant recognizes that the Court had no discretion, under 18 U.S.C. § 3582(c)(2), to reduce his sentence below the new guideline range after the application of

---

[1] Although this is a criminal case, "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

[2] The Court does not believe that the grounds raised in Defendant's motion to reconsider were raised in his initial motion for reduction of sentence. That said, because Defendant did not receive the reduction under Amendment 821 until after that motion was filed, it will consider those grounds now.

Amendment 821. (ECF No. 82 at 3). But, he argues, the Court had that authority under the compassionate release statute. (*Id*.). True enough. Simply because the Court can do something, though, does not mean it must. The Court finds Defendant's initial sentence to be wholly irrelevant to the compassionate release analysis.

Nor does the Court find that his initial sentence, when considered in tandem with COVID, constitutes an extraordinary or compelling ground for release. As explained in the Court's prior order (ECF No. 81), Defendant's COVID arguments did not come close to demonstrating extraordinary or compelling reasons—they were both generalized and already factored into his sentence. The addition of Defendant's similarly specious prior sentence argument does not move the needle. Whether considered separately or together, Defendant's arguments are not extraordinary or compelling reasons for release.[3]

### III.   Conclusion

For these reasons, Defendant's motion to reconsider (ECF No. 82) is DENIED.

SO ORDERED on June 11, 2024.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

---

[3] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).