**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                      CASE NO. 1:19-CR-72-HAB-SLC

SANTARIO SIMPSON,

Defendant.

## OPINION AND ORDER

Defendant Santario Simpson ("Simpson") previously pleaded guilty to one count of knowingly and intentionally distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (ECF 40). Simpson was sentenced to 78 months of imprisonment—later reduced to 70 months—with 2 years of supervised release to follow. (ECF 64, 76). He served out his prison term and began his supervised release term on January 8, 2025. (ECF 88). Having served more than one year of his two-year supervised release term, Simpson now moves for early termination of his supervised release.[1] (ECF 84). Upon Simpson's filing, the Court ordered the United States Probation Office ("Probation") to file a report within 15 days. (ECF 87). Probation timely filed that report, which notes that the government objects to Simpson's motion. (ECF 88).

The Court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C. §3583(e). The § 3553(a) factors are:

---

[1] Simpson titled his motion as a "Request for Early Termination of Probation." (ECF 84). Because Simpson is serving a term of supervised release, not probation, the Court construes his motion to reflect a request to terminate his supervised release.

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the applicable sentencing guidelines range;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

After considering the § 3553(a) factors, the Court may terminate said term if (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

"Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination." *United States v. Branscumb*, No. 109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019), *report and recommendation adopted*, No. 09-10023, 2019 WL 6499067 (C.D. Ill. Dec. 3, 2019); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (affirming district court where the court found that the Defendant "at best has merely complied with the terms of supervision"). "Early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Id.*; *see, e.g.*, *United States v. Kay*, 283 F. App'x 944, 946–47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.

1997); *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Caruso*, 241 F. Supp. 2d 466, 468–69 (D.N.J. 2003); *United States v. Medina*, 17 F. Supp. 2d 245, 246–47 (S.D.N.Y. 1998). Further, the defendant bears the burden of demonstrating that early termination is warranted. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

Simpson has served more than one year of supervised release, and the government has had the opportunity to respond to his request. But based on the § 3553(a) factors and Simpson's conduct, the Court concludes early termination of his supervised release is not in the interest of justice.

By all measures, Simpson is doing well on his journey to turn his life around post-incarceration. He has maintained steady employment for more than one year. (ECF 84, 88). He underwent drug treatment while incarcerated and he has passed every drug test he has taken since his release. (*Id*). He has become more involved in his community, strengthening his relationship with God and his family. (ECF 84, at 2). And he has abided by all the terms of his supervised release to date. (ECF 88, at 1). This is all commendable, and the Court applauds Simpson's progress.

But the first four § 3553(a) factors cut against early termination. The Presentence Investigation Report ("PSR") shows that Simpson was captured on two controlled buys selling more than 150 grams of methamphetamine. (ECF 49, ¶¶ 12–19, 29–37). He also fronted large quantities for another person to sell. (*Id.* ¶¶ 20–28). Simpson's dealing may well have been fueled by his own addiction, and his prior criminal history is minimal. (*Id.* ¶¶ 59–79, 90–92). But this offense conduct is still serious.

3

Simpson's addiction and lack of serious criminal history also allowed him to receive a lenient sentence. He avoided what could have been a ten-year mandatory minimum sentence. 18 U.S.C. § 3353(f)(1). His guideline range wound up being 87 to 108 months, but the Court only sentenced Simpson to 78 months. (ECF 64). This was later reduced to 70 months based on a retroactive application of Amendment 821, which made 70 months the bottom end of his revised guideline range. (ECF 76). None of this is to say that a light sentence precludes Simpson from getting his supervised release terminated early. But given that more serious terms were available, and a vested interest exists in ensuring that Simpson continues to progress so he avoids repeating past mistakes, the Court finds that the § 3553(a) factors weigh against early termination being in the interest of justice. Further, Simpson identifies no extraordinary or unusual circumstance that warrants early termination. He highlights the progress he has made and his compliance to date. But mere compliance is not enough. *See Branscumb*, No. 109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019).

The Court hopes that Simpson continues to do well throughout the rest of his supervised release term and for years to come. But he has not offered this Court anything that would justify terminating his supervised release months ahead of schedule.

Simpsons's Request (ECF 84) is DENIED.

**SO ORDERED** on May 19, 2026.

s/ *Holly A. Brady*

CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4